UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA KHOSHINI,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY; KEARNY MESA FORD; and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　Defendants. | Case No.: 24-CV-107 JLS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>(ECF No. 30) |

　　　　Presently before the Court is Plaintiff Reza Khoshini's Motion for Reconsideration of the Court's February 12, 2025 Order Denying Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses ("Mot.," ECF No. 30). The Court has also received Defendant Ford Motor Company's Opposition ("Opp'n," ECF No. 31) and Plaintiff's Reply ("Reply," ECF No. 32). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 34. Having considered the Parties' arguments and the law, the Court **DENIES** Plaintiff's Reconsideration Motion for the reasons set forth below.

## BACKGROUND

　　　　On December 12, 2023, Plaintiff filed this lawsuit in state court, alleging various causes of action—including fraud, and violations of the Magnuson-Moss Warranty Act

and Song-Beverly Consumer Warranty Act—relating to a 2019 Ford Expedition manufactured and distributed by Defendant. *See generally* ECF No. 1-3 ("Compl."). The matter was subsequently removed to this Court. *See* ECF No. 1 ("Notice of Removal"). On June 7, 2024, Plaintiff accepted Defendant's first Rule 68 Offer to Compromise to settle for $60,000.00 cash plus attorneys' fees, costs, and expenses pursuant to California Civil Code Section 1794(d). *See* Plaintiff's Request for Entry of Judgment, ECF No. 19.

Plaintiff then requested an entry of judgment, *id.*, which was entered by the Clerk on June 12, 2024, *see* ECF No. 20. On July 3, 2024, Plaintiff filed a Motion for Attorneys' Fees, Costs, and Expenses ("Fee Motion"). ECF No. 22. Defendant filed an Opposition thereafter contending, among other things, that Plaintiff's Motion should be dismissed in its entirety as untimely under Federal Rule of Civil Procedure 54(d)(2)(b)(i), which provides that a motion "for attorney's fees and related nontaxable expenses" must "be filed no later than 14 days after the entry of judgment." ECF No. 24 at 7–8 (citing Fed. R. Civ. P. 54(d)(2)(b)(i)). Plaintiff did not respond to this argument in her Reply. *See generally* ECF No. 27.

Subsequently, the Court denied Plaintiff's Fee Motion as untimely, and found Plaintiff had not shown any reason, much less a compelling reason, for the delay. *See* ECF No. 29 ("Order"). Specifically, the Court noted that Plaintiff's Fee Motion did not mention the missed deadline, and after Defendant raised the issue in its Opposition, Plaintiff, in Reply, again ignored the issue. *Id.* at 4. Thus, the Court found Plaintiff waived any claim to attorneys' fees. *Id.* (citing *Port of Stockton v. W. Bulk Carrier KS*, 371 F.3d 1119, 1122 (9th Cir. 2004)). Further, Plaintiff had not moved to extend the time to file under Federal Rule of Civil Procedure 6(b), nor shown the requisite excusable neglect to merit relief under that rule, seeing as she provided "no justification whatsoever for failing to file the Motion within the time limits of Rule 54, even after expressly raised and argued by Defendant[.]" *Id.* Plaintiff subsequently filed the instant Motion for Reconsideration pursuant to Federal Rule of Civil procedure 60(b) and Local Rule 7.1(i). *See* Mot.

///

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 220CV01783KJDEJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (citing Fed. R. Civ. P. 60(b)).

## ANALYSIS

Plaintiff argues she is entitled to reconsideration because her failure to timely file the underlying Fee Motion, subsequent failure to address the missed deadline in said Motion, and then additional failure to respond to Defendant's argument that her Fee Motion was untimely, all result from "mistake, inadvertence, or excusable neglect" within the meaning of the Federal Rules of Civil Procedure 60. Mot. at 2–6.

Plaintiff explains that due to a calendaring error, Plaintiff's counsel discovered the deadline for the underlying Fee Motion the same day it was due, June 26, 2024. *Id.* at 1. She represents that her counsel then attempted to stipulate to an extension with defense counsel to no avail. *See* Declaration of Angel M. Baker in Support of Plaintiff's Motion

("Baker Decl."), ECF No. 30-2 ¶ 5 & Exh. 2. Having received no response to her requests for an extension of time, Plaintiff filed the Motion a week later on July 3, 2024, and the lead in charge of the Fee Motion department, Dhara Chandy, "instructed the previous lead handling attorney to file the Fee Motion and advise the Court of Plaintiff's efforts to extend the deadline." Declaration of Dhara Chandy in Support of Plaintiff's Motion ("Chandy Decl."), ECF No. 30-1 ¶ 6. No such information was included in the Fee Motion. Upon review of Defendant's Opposition to the Fee Motion, which raised the timeliness issue, Chandy "[i]mmediately . . . instructed the previous lead handling attorney to prepare a Rule 60 Declaration and advise the court of the attempts to stipulate to extend time to file the underling [sic] motion and to address the delayed calendaring issue." Chandy Decl. ¶ 7. However, these actions were apparently not taken, and by way of explanation, Plaintiff relies on Chandy's statement that she has "since learned that the previous lead handling attorney inadvertently failed to prepare a Rule 60 Declaration, failed to advise the Court of Plaintiff's efforts to extend time to file the underlying fee motion, and failed to address the timeliness issue on Reply." *Id.* ¶ 8. Plaintiff does not provide any declaration from the unnamed previous lead attorney explaining his or her reason for the omissions, as such attorney is purportedly no longer with Plaintiff's counsel's firm, Strategic Legal Practices ("SLP"). *Id.* ¶ 9.

To determine when neglect is excusable, the court examines four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movants acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 394 (1993) (analyzing excusable neglect under Federal Rules of Bankruptcy Procedure)); *cf. Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (extending *Pioneer* standard of excusable neglect to Federal Rule of Civil Procedure 60(b)(1)).

"As a general rule, parties are bound by the actions of their lawyers, and alleged attorney malpractice does not usually provide a basis to set aside a judgment pursuant to

Rule 60(b)(1)." *Casey v. Albertsons's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 397). However, attorney error may constitute excusable neglect if the *Pioneer-Briones* factors are met. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

Preliminarily, Plaintiff acknowledges that she failed to argue or provide evidence of the purported excusable neglect that caused the late filing despite her awareness of the error and two previous opportunities to raise this argument. Nevertheless, she seeks to raise the argument now for the first time. But a motion for reconsideration is "not a vehicle for a litigant to attempt a second bite at the apple by raising facts or arguments available prior to the entry of [the judgment]." *Lewis v. Paramo*, No. 3:22-CV00029-GPC-DEB, 2024 WL 4520346, at *5 (S.D. Cal. Oct. 17, 2024) (citing *Rosenfeld v. U.S. Dep't of Just.*, 57 F.3d 803, 811 (9th Cir. 1995)); *AmTrust Bank v. Lewis,* 687 F. App'x 667, 670 (9th Cir. 2017) ("Because [the plaintiff] could have made his arguments to the district court before entry of final judgment, he did not establish 'mistake, inadvertence, surprise, or excusable neglect' necessary for relief under Rule 60(b)(1) . . . ."). Rather, the fact that Plaintiff knew of the mistake and could have made the argument before the entry of final judgment "weighs strongly against finding mistake, inadvertence, or excusable neglect necessary for relief under Rule 60(b)(1)." *Lee v. Ecclesia LLC*, No. 2:19-cv-01691-ODW (JPRx), 2020 WL 4596950, at *3 (C.D. Cal. Aug. 11, 2020) (citation omitted).

Further, Court is not swayed by Plaintiff's explanation for her repeated failure to address the missed deadline, as she attempts to pin the blame on an unnamed lead attorney who is apparently no longer with Plaintiff's counsel's firm, SLP, and is unable to submit a declaration to this Court explaining the reasons for the omissions. Chandy's statement that she "learned" all the errors made by such previous lead attorney were inadvertent, does not provide the Court with much clarity. Moreover, "[t]his is not a case of a 'typo' or even a missed filing deadline, which the court might readily categorize as 'mistake' or 'excusable neglect,' but rather a pattern of inattentiveness on the part of [Plaintiff's] counsel." *Int'l Allied Printing Trades Ass'n. v. Am. Lithographers, Inc.*, 233 F.R.D. 554, 556 (N.D. Cal.

2006).

Additionally, the Court is persuaded by Defendant that it will be prejudiced by reconsideration of a fee motion that was already decided in its favor in the time permitted, and will incur, and has incurred, additional fees and costs associated with opposing and appearing for Plaintiff's fee motion again. *See* Opp'n at 8. The Court likewise agrees that Plaintiff's delay in filing her Fee Motion, though only a week after the motion deadline, is extensive in light of Plaintiff's awareness of the fee motion deadline, and the purported total of 6.5 hours her counsel spent drafting the Motion. *See* Declaration of Payam Shahian, ECF No. 22-2, Exh. 18 at 3. And Plaintiff's failure to raise her excusable neglect argument in her belated July 2024 Motion or subsequent Reply has resulted in judicial proceedings extending now to May 2025.

Moreover, Plaintiff's reasons both for the initial delay in filing her Fee Motion, and subsequent delay in raising excusable neglect arguments for the original error, weigh against finding excusable neglect. For instance, as discussed above, Plaintiff's explanation for her failure to raise her timeliness arguments in her Fee Motion and Reply is effectively a single statement by one attorney that someone else acted "inadvertently." *See* Chandy Decl. ¶ 8. Further, the errors are too numerous to constitute excusable neglect. *See Mendoza v. Garland*, No. 3:21-CV-01968-JES-MMP, 2023 WL 6050581, at *3 (S.D. Cal. Sept. 15, 2023) ("Taken individually, these negligent acts may constitute excusable neglect, but taken together they do not."). While the Court does not go so far as to find evidence of bad faith, it need not do so, as the factors taken together in the context of this case, weigh against finding excusable neglect. Plaintiff thus has not shown relief is warranted under Federal Rule of Civil Procedure 60(b)(1). Nor has she demonstrated what "extraordinary circumstances," entitle her to relief under Rule 60(b)(6). *See Pioneer Inv. Servs. Co.*, 507 U.S. at 393.

Finally, Plaintiff argues the Court separately has inherent constitutional authority to reconsider its Order under California Code of Civil Procedure § 1008. Mot. at 6. However, this Court is governed by Federal Rule 60(b) and Local Civil Rule 7.1(i) in assessing

1  entitlement to relief from judgments.  And in any event, the Court finds reconsideration is
2  not warranted here.

## CONCLUSION

Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 30).

**IT IS SO ORDERED.**

Dated: June 6, 2025

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge